UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GENE TYRONE WREN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:22-CV-123-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the Court's order to show cause why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be summarily dismissed. Having carefully reviewed movant's response, and for the reasons discussed below, the Court must dismiss this action as time-barred.

**I.    Background**

On March 5, 2021, movant pled guilty to being a felon in possession of a firearm and possessing a controlled substance with intent to distribute. *See U.S. v. Wren*, Case No. 1:20-CR-195-SNLJ (E.D. Mo.). On June 30, 2021, the Court sentenced movant to 168 months' imprisonment and three years' supervised release. *Id.* Movant did not appeal.

On September 28, 2022, movant filed the instant motion to vacate, set aside, or correct sentence. ECF No. 1. The following day, the Court reviewed the motion and determined it appeared to be time-barred under the one-year period of limitation pursuant to 28 U.S.C. § 2255(f)(1). An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a

direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on July 14, 2021 – fourteen days after the judgment was entered. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on July 15, 2022.[1] The instant motion was placed in the prison mail system by movant on September 14, 2022.[2] Within the motion, movant acknowledged his untimeliness, but explained he was never explained the rules for filing a motion to vacate and was "highly sedated on psychotic medications impeding [his] comprehensive state." ECF No. 1 at 10.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.* Consequently, the Court issued an order directing movant to show cause as to why his motion to vacate should not be dismissed as time-barred. ECF No. 2. In its order, the Court explained that a general unawareness of procedural rules cannot qualify as an extraordinary circumstance to justify equitable tolling. Additionally, his medical excuse

---

[1] The Court notes that on August 29, 2022, movant filed a motion in his underlying criminal case for extension of time in which to file a motion to vacate, set aside, or correct sentence. *See U.S. v. Wren*, No. 1-20-CR-195-SNLJ (E.D. Mo.) at ECF No. 43. The request for an extension was denied for lack of subject matter jurisdiction. *Id.* at ECF No. 45. Notwithstanding the denial, the request for an extension was filed *after* the time had already run for the filing of a timely motion to vacate, set aside, or correct sentence.

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

was too vague and conclusory to sufficiently demonstrate why he could not timely file a § 2255 motion.

## II.     Show Cause Response

On October 21, 2022, movant filed a response to the Court's order to show cause. ECF No. 3. Movant asserts he suffers from post-traumatic stress disorder ("PTSD"), which keeps him "depressed and low in moods," makes him "angry when crowded in small areas" like the law library, and causes him to frequently feel "nervous, paranoid, and [to] some degree journeying with suicidal thoughts." *Id.* at 2. He claims he is taking "variations of mental health drugs that bears significantly on [his] comprehensive state of 'time and place.'" *Id.* Movant asserts his son had similar psychological issues and recently took his own life by suicide. *Id.* at 4. He explains that the loss of his son "coupled with the deeper state of depression, recurring suicidal thoughts, hopeless feelings, bi-polar and schizophrenia disorder" has placed him "in a state of limited consciousness." *Id.* Although movant lists his diagnoses and symptoms, he does not state how they manifested in preventing him from timely filing a post-conviction motion.

Attached to his motion are two Bureau of Prisons medical records, dated September 22, 2022 and October 6, 2022. ECF No. 3 at 6-8. These records confirm his PTSD diagnosis, but also indicate movant's own report that his medications help keep him calm. *Id.* at 6. The records additionally reflect he does not suffer from bipolar disorder because he has not reported any manic or hypomanic episodes. *Id.*

3

**III.     Discussion**

The Eighth Circuit has held that the one-year limitations period for § 2255 motions may be equitably tolled where "'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005). For equitable tolling to apply, a prisoner must show that: (1) extraordinary circumstances prevented him from timely filing; and (2) he was diligent in pursuing the § 2255 motion. *Id*. at 1093-95. Equitable tolling is an "exceedingly narrow window for relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). The burden is on the movant to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

4

A significant mental impairment can constitute an extraordinary circumstance justifying equitable tolling of the AEDPA's statute of limitations. *See Nichols v. Dormire,* 11 Fed. Appx. 633, 634 (8th Cir. 2001) (unpublished). The issue, however, is fact specific. *See id.* In assessing a claim of mental or physical impairment for purposes of equitable tolling, the focus is on "degree and duration." *See id.*; *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). The mere diagnosis of a psychiatric disorder is not enough to warrant tolling; the disorder must interfere with a individual's ability to file a timely petition. *See Nichols*, 11 Fed.Appx. at 634 (dismissal of habeas petition affirmed even though individual was diagnosed with various psychotic disorders, because the "degree and duration of the mental impairments" did not interfere with his ability to file a timely petition).

Here, the Court finds that movant fails to demonstrate why he could not timely file a § 2255 motion. Movant does not show how his mental issues specifically kept him from timely filing his petition. He does not allege, for example, that he was institutionalized or restricted in any way from filling out or filing legal paperwork for any extended period of time. *See Gordon v. Arkansas*, 823 F.3d 1188, 1195-96 (8th Cir. 2016) (explaining that prisoner who was on restrictive treatment-precaution conditions for three months of his twelve month statute of limitations period failed to show why he could not have filed his federal habeas petition in the remaining nine months). Although movant's motion to vacate and show cause response are coherent and articulate, they provide no explanation as to why

5

his mental impairments would excuse a late filing. *See Hudson v. Dormire*, 2007 WL 1192170 (E.D. Mo. Apr. 20, 2007) (allegation that habeas petitioner had schizophrenia, major depression, and paranoid personality disorder, and that he has been on various psychotropic drugs, is not enough on its own to permit equitable tolling).

Similar to the instant matter, in *Lococo v. Missouri Department of Corrections*, this Court declined to equitably toll a habeas action based on a claim that movant suffered from schizophrenia and "was in deep clinical depression" because the movant failed to show "extraordinary circumstances." 2008 WL 1925172, at *1 (E.D. Mo. Apr. 30, 2008). In *Schankman v. United States*, this Court held that a habeas petitioner "is not entitled to equitable tolling of the one-year deadline merely because he was diagnosed" with a mental illness. 2009 WL 3763325, at *5 (E.D. Mo. Nov. 9, 2009). Simply having symptoms of depression, nervousness, paranoia, and anger does not rise to the level of extraordinary circumstances. Notably, the medical records movant submits with his show cause response indicates that his medications historically keep him calm. Nothing in these records evidence that during the relevant period he required hospitalization or was unable to perform activities of daily living for a significant period of time which would prevent him from filing a timely motion to vacate.

On March 5, 2021, the Court accepted movant's plea of guilty after finding defendant mentally competent to do so. *See U.S. v. Wren*, Case No. 1:20-CR-195-SNLJ, ECF No. 26. Movant has not shown that his condition worsened in some specific way as

to have made it impossible for him to file a timely post-conviction motion. *See e.g.*, *Rios v. Mazzuca*, 78 Fed. Appx. 742, 744 (2d Cir. 2003) (holding that while petitioner had shown he suffered from "chronic and sometimes debilitating mental illness," equitable tolling was not warranted because petitioner failed to demonstrate his condition prevented him from filing a timely motion); *Nowak v. Yukins*, 46 Fed. Appx. 257, 259 (6th Cir. 2002) (holding that incapacity can warrant equitable tolling where petitioner makes a threshold showing of incompetence and demonstrates the incompetence affected his ability to file a timely habeas petition); *United States v. Curtiss*, 2015 WL 4425861, at *2-3 (E.D. Va. July 17, 2015) (declining to apply equitable tolling when a § 2255 movant failed to show he suffered from profound health conditions that were the proximate cause of his untimeliness).

Because movant has not presented sufficient information to show his medical issues caused his late filing, movant is not entitled to equitable tolling.

Accordingly,

**IT IS HEREBY ORDERED** that movant Gene Tyrone Wren's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [ECF No. 1] is **DISMISSED**, without prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that movant is **DENIED** a certificate of appealability of he appeals this order of dismissal.

Dated this 31ˢᵗ day of October, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE